Case 1:24-mc-00134-VEC   Document 10   Filed 04/05/24   Page 1 of 3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/5/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARZALLAH MARTIN DREW
SINGLETON EL BEY,

                Plaintiff,

         -against-

MOSHE ALTMARK, et al.,

                Defendants.

24-MC-0134 (VEC)

ORDER OF DISMISSAL

VALERIE CAPRONI, United States District Judge:

    Plaintiff, who is appearing *pro se*, initiated this matter as a miscellaneous case, for which he paid a filing fee.[1] In addition to the case initiating document, Plaintiff also submits numerous other applications. (Dkts. 2-7.)[2]

    A recent district court decision explains that "[t]he District Clerks' Manual, published by the Administrative Office of the United States Courts, sets forth the nationwide guidelines for prescribed uses of the miscellaneous docket." *In re Varholy*, No. 3:23-MC-00004 (MEG), 2023 WL 4236044, at *1 (D. Conn. June 28, 2023). That decision lists the limited matters where assignment of a miscellaneous case number is proper, including matters where the plaintiff seeks:

> foreign subpoenas, registration of judgment from another district, motion to quash deposition subpoena, motion for protective order, administrative deposition subpoena, application to perpetuate testimony, receiverships, letters rogatory from other districts, warrant for arrest of juror, pen registers, wire interceptions, video interceptions, grand jury matters, internal revenue service third party record keeper actions, and proceedings against sureties.

---

[1] The filing fee for a miscellaneous case is $52.00, whereas the fees for commencing a civil action total $405.00.

[2] In one document, for example, Plaintiff submits a "fee schedule" purporting to invoice others, on the basis of "Divine Natural Agreement Under Equity Law and Divine Law," for "Failure to Honor God Given Rights," among other things. (Dkt. 2.)

*Id.* at *2 (citing District Clerks' Manual § 4.03.a.1.(ii)-(xvi)).

In this action, Plaintiff sues more than a dozen defendants and seeks the following:

> Complainant prays for a full accounting and permanent restraining order in perpetuity against the civil court of the city of new york county of bronx, bronx supreme court of new york, Moshe Altmark, Adi Altmark, East 135th and 3111 Ave Owner LLC (#5593703), 225 East Realty Partners LLC, The Altmark Group LLC, Matt Grabina, Linda Siegel, David R. Brody, Gabriel Block, Borah, Goldstein, Altschuler, Nahins & Goidel, P.C. & Partners, Artimus NYC (Barry Gurvitch, Eytan Benjamin, Ken Hamn, Phil Mayer, Dan Baron, Ron en Haron, Evan Kashanian, Am non Solomon, Yoav Hamn), and any other associate(s ), creditor(s ), lender(s ), mortgagee(s), third party(ies), employee(s) or attorney(ies) employed and/or connected to Moshe Altmark, Adi Altmark, East 135111 and 3rd Ave Owner LLC (#5593703), 225 East Realty Parhters LLC (#4687474), TI1e Altmark Group LLC, Artimus NYC, with all other defendant(s) listed herein in perpetuity.

(ECF 1 at 7.)[3]

Plaintiff also seeks damages, including "garnishment of [Defendants'] wages and pension issued against them for unclean hands, the continuous and malicious violation of this equitable estate trust property, injury to Marzallah Martin Drew: Singleton El Bey's physical liberty(ies), his due process, private information and solicitation against the complainant." (*Id.*)

The relief that Plaintiff seeks demonstrates that this action is not one of the limited matters where use of the miscellaneous docket is proper.[4] Because this case cannot proceed under the miscellaneous docket, the Court dismisses this action without prejudice. Plaintiff is not entitled to a refund of the filing fee.

---

[3] All spelling and punctuation in the quoted material are from the original.

[4] Plaintiff has also submitted documents signed by Valerie Decatus. (Dkt. 2 at 9.) Decatus recently submitted a similar action that was also improperly styled as a miscellaneous action under docket number 23-MC-0113 (VEC), and she was notified that it was not proper as a miscellaneous action.

The dismissal of this matter without prejudice does not prevent Plaintiff from commencing a new civil action. The Court notes, however, that Rule 11 of the Federal Rules of Civil Procedure requires all parties, including litigants proceeding *pro se*, to make a reasonable inquiry that the legal contentions are warranted and to certify that the pleading is not presented for harassment or an improper purpose.

## CONCLUSION

This action is dismissed without prejudice on the ground that it is not a proper miscellaneous case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   April 5, 2024
         New York, New York

_____
VALERIE CAPRONI
United States District Judge